IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK R. LIPSCOMB and ROILYNEE M. LIPSCOMB,<br><br>    Plaintiffs,<br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., et al.,<br><br>    Defendants. | 1:12-CV-348 AWI JLT<br><br>ORDER VACATING HEARING, ORDER ON DEFENDANTS' MOTION TO DISMISS, ORDER ON MOTION TO EXPUNGE LIS PENDENS, and ORDER CLOSING CASE<br><br>(Doc. Nos. 4, 5) |

   This case stems from a mortgage and subsequent trustee sale of Plaintiffs' real property. Defendants removed this case from the Inyo County Superior Court. Currently set for hearing and decision on May 21, 2012, is Defendants' motion to dismiss and motion to expunge a notice of lis pendens. Pursuant to Local Rule 230(c), Plaintiffs were required to file either an opposition or a notice of non-opposition no later than May 7, 2012. Plaintiffs failed to do so. Due to Plaintiffs' failure to file a timely opposition or notice of non-opposition, they are in violation of the Local Rules. See 230(c). Plaintiffs are not entitled to be heard at oral argument in opposition to the motion. See id.

   The Court has reviewed Defendants' motion and the applicable law, and has determined that the motion is suitable for decision without oral argument. See Local Rule 230(h). The Court will vacate the May 21, 2012, hearing and instead issue the following order, which resolves the pending motions.

# FACTUAL BACKGROUND[1]

In April 2007, Plaintiffs obtained a loan in the amount of $70,000, secured by a deed of trust that encumbered property located on 321 Pine Street, Big Pine, California ("the Pine Property"). See RJN Ex. A. Plaintiffs executed a series of refinancing transactions that culminated in a loan from Carnegie Mortgage, LLC, in July 2008 in an amount of $417,000. See RJN Exs. B, C, D.

Beginning in August 2009, Plaintiffs failed to make the monthly loan payments. See RJN Ex. E; Complaint ¶¶ 38, 55. On November 25, 2009, a Notice of Default was recorded which indicated that Plaintiffs were $11,520 in arrears. See RJN Ex. E.

On March 3, 2010, a Notice of Trustee's sale was recorded in the Inyo County Recorder's Office. See RJN Ex. G. On September 20, 2010, the Pine Property was sold at a foreclosure sale to Freddie Mac, who was the highest bidder at the public auction. See RJN Ex. J.

On February 7, 2011, Plaintiffs filed suit in the Inyo County Superior Court alleging state law claims for quiet title and slander of title, fraud, negligent misrepresentation, bad faith, wrongful foreclosure, and violations of 15 U.S.C. § 1692f . See RJN Ex. K. That case was removed to this Court on March 24, 2011. See Court's Docket Doc. No. 1 in Case No. 1:11-CV-497 AWI JLT (hereinafter "the February 2011 Case"). On May 9, 2011, a first amended complaint was filed. See id. at Doc. No. 7. On August 3, 2011, the Court dismissed the entire first amended complaint for failure to state a claim under Rule 12(b)(6). See id. at Doc. No. 15. On August 19, 2011, the Court ordered closure of the case due to Plaintiffs' failure to file an amended complaint within the time ordered by the Court. See id. at Doc. No. 16.

On November 7, 2011, Plaintiffs filed a complaint in the Inyo County Superior Court and recorded a lis pendens against the Pine Property. See RJN Ex. Q; Doc. No. 1. On March 7, 2012, Defendants removed to this Court. See Doc. No. 1.

---

[1] Defendants have requested the Court take judicial notice of various documents that were filed in the Official Records of the Inyo County Recorder's office. See Court's Docket Doc. No. 4-1 (Request for Judicial Notice ("RJN")). Plaintiffs filed no opposition to this request. A court may take judicial notice of matters of public record. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court will grant Defendants' request and take judicial notice of the submitted documents as public records. See Lee, 250 F.3d at 688-89; Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010).

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949; see Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. Cal. 2011).

**DEFENDANTS' MOTIONS**

**1.    Defendants' Motion To Dismiss**

*Defendants' Argument*

Defendants argue *inter alia* that dismissal is appropriate under the doctrine of res judicata. In February 2011, Plaintiff filed a complaint that was identical to the complaint in this case. This court dismissed the complaint in its entirety for failure to state a claim and gave Plaintiffs 10 days to file an amended complaint. When Plaintiffs did not file an amended complaint, the court closed the case for failure to obey a court order. The court's order closing the case was on the merits.

*Legal Standard*

The doctrine of res judicata, or claim preclusion, "bars any lawsuits on any claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2010); Stewart v. United States Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). "Claim preclusion applies if there is: (1) an identify of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Cell Therapeutics, 586 F.3d

at at1212; Stewart, 297 F.3d at 956.  A dismissal under Rule 41(b) operates as a dismissal "on the merits" unless the dismissal is for lack of jurisdiction, improper venue, or failure to join a necessary party.  Stewart, 297 F.3d at 956.  A dismissal under Rule 12(b)(6) for failure to state a claim is also a judgment on the merits.  Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981); Stewart, 297 F.3d at 957.

*Discussion*

Defendants are correct that res judicata, or claim preclusion, applies to bar this entire lawsuit.  In the February 2011 Case, the same Plaintiffs sued the same Defendants.  The first amended complaint in the February 2011 case is identical to the complaint in the case at bar.  Cf. Doc. No. 1 with February 2011 Case Doc. No. 7.  Thus, there is an identity of parties and an identity of claims.  See  Cell Therapeutics, 586 F.3d at at1212; Stewart, 297 F.3d at 956.

With respect to the final element (a final judgment on the merits), the complaint in the February 2011 Case was dismissed in its entirety on August 3, 2011 for failure to state a claim under Rule 12(b)(6).  See February 2011 Case Doc. No. 15.  While the Court gave Plaintiffs the opportunity to amend their complaint, Plaintiffs did not take that opportunity and the Court subsequently dismissed the February 2011 Case.  See id. at Doc. Nos. 15, 16.  An order dismissing a case for failure to amend a complaint in the allotted time may done through Rule 41(b).  See Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999).  In the dismissal order, the Court withdrew leave to amend, noted Plaintiff's failure to comply with court orders, and noted that the failure to comply resulted in a non-prosecuted case that could not go forward in the absence of any viable claims.  See February 2011 Case Doc. No. 16.  Clearly, that dismissal was not due to a lack of jurisdiction, improper venue, or failure to join a necessary party.  Cf. Stewart, 297 F.3d at 956.  No appeal of any order was ever taken in the February 2011 Case.  Accordingly, both the Court's order on Defendants' Rule 12(b)(6) motion and the Rule 41(b) order closing the case are final and on the merits.  See Stewart, 297 F.3d at 956-57.

All three elements of res judicata have been met in this matter.  Therefore, dismissal of Plaintiff's complaint with prejudice is appropriate.  See Stewart, 297 F.3d at 956-59.

**2.      Defendant's Motion To Expunge**

*Defendants' Argument*

Defendants argue that expungement of the lis pendens is appropriate because the complaint fails to state a real property claim. *Inter alia*, the doctrine of res judicata bars all of the claims alleged in the complaint.

*Legal Standard*

"A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." Kirkeby v. Superior Court, 33 Cal.4th 642, 647 (2004). A person with an interest in the real property may remove an improperly recorded lis pendens by filing a motion to expunge. See id.; Park 100 Investment Group II, LLC v. Ryan, 180 Cal.App.4th 795, 808 (2009). The party opposing expungement has the burden of "showing that he is likely to prevail on the merits . . . ." Amalgamated Bank v. Superior Court, 149 Cal.App.4th 1003, 1012 (2007); see Cal. Code Civ. Pro. § 405.30. Courts "shall order the notice expunged if the court finds that the pleading on which the notice [of lis pendens] is based does not contain a real property claim." Cal. Code Civ. Pro. § 405.30; Park 100, 180 Cal.App.4th at 808. Also, as per statute, "the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. Pro. § 405.32; Park 100, 180 Cal.App.4th at 808. That is, "if a real property claim has been pled and as pled lacks evidentiary merit, the lis pendens shall be expunged." Park 100, 180 Cal.App.4th at 808.

*Discussion*

Expungement is appropriate. As discussed above, the entire complaint in this case is identical to the complaint that was dismissed in the February 2011 Case. All of the causes of action alleged in this case are barred by res judicata. See Stewart, 297 F.3d at 956-59. Without any valid causes of action in the complaint, there is no valid real property claim alleged. See Cal. Code Civ. Pro. § 405.32; Park 100, 180 Cal.App.4th at 808.

Because Plaintiffs have not met there burden, the Defendants' motion to expunge will be granted. See Cal. Code Civ. Pro. §§ 405.30, 405.32; Amalgamated, 149 Cal.App.4th at 1012.

**CONCLUSION**

Defendants move to dismiss the complaint against them and to expunge the notice of lis pendens filed in the Inyo County Recorder's Office. Plaintiffs filed not opposition or response of any kind to the motions. Dismissal of the complaint without leave to amend is appropriate because each of the causes of action alleged are barred by res judicata. Further, without any valid claims in the complaint, and in the absence of any opposition, Plaintiffs have not met there burden to defend the notice of lis pendens. Expungement of the lis pendens is therefore appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The May 21, 2012, hearing date is VACATED;
2. Defendants' motion to dismiss is GRANTED with prejudice;
3. Defendants' motion to expunge lis pendens is GRANTED;
4. The Notice of Pending Action recorded by Plaintiffs on November 7, 2011, as Document No. 2011-0003398-00 is cancelled and expunged from the County records; and
4. The Clerk shall CLOSE this case.[2]

IT IS SO ORDERED.

Dated:   May 14, 2012                                                  _____
                                                                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendants submitted a proposed order that would grant them attorneys fees under California Code of Civil Procedure § 405.38. See Doc. No. 5-5. However, Defendants' motion does not actually request attorney's fees, see Doc. No. 5, and, importantly, there is no evidence regarding the amount of time spent on the motion to expunge, the rate charged for motion to expunge, or an explanation of reasonableness. Because there is no formal request for attorneys fees or supporting evidence for such fees, the Court will not award attorney's fees under § 405.38. See Estate of McLaughlin v. Owens, 2012 U.S. Dist. LEXIS 34565, *7 (N.D. Cal. Mar. 14, 2012).

6